**Affirmed and Memorandum Opinion filed July 10, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00290-CR

---

### HARRY RUTLEDGE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 147th District Court
Travis County, Texas
Trial Court Cause No. D-1-DC-16-204690**

---

## M E M O R A N D U M   O P I N I O N

Appellant Harry Rutledge was found guilty by a jury of misdemeanor assault causing bodily injury. The trial court assessed appellant's punishment at confinement for 250 days in the county jail. In a single issue, appellant challenges the sufficiency of the evidence, claiming there was no evidence identifying him as the person who committed the assault. We affirm.

# I. Background

The jury heard evidence that on July 25, 2016, around 2:26 a.m., officers with the Austin Police Department were dispatched to a residence at 7007 Hillcroft Drive, Travis County, Texas, in response to a 911 disturbance call.[1] Officer Stephen Yurco and Officer William Johns arrived at the scene within four minutes, *i.e.*, around 2:30 a.m. Officer Yurco testified that he knocked at the door and appellant answered. Appellant told the officers that police were not needed. The complainant, Brenda Villalpando, was inside the house. Appellant and the complainant were the only persons present at the house. The jury saw pictures of the bedroom in the home, which showed signs of disarray, including disorderly bedclothes and lampshades.

Officer Yurco testified that he asked the complainant to exit the house and he interviewed her in the front driveway. He determined that complainant had made the 911 call. He further testified that complainant appeared upset and had a raspy voice, consistent with someone who had been strangled. Officer Johns testified that when complainant tried to speak, she would have to clear her throat. The more the complainant spoke, her voice deteriorated, becoming increasingly hoarse and difficult to understand. Officer Yurco observed a handprint and scratches on the complainant's neck. Officer Johns testified he observed redness

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas to this Court pursuant to its docket equalization powers. *See* Tex. Gov't Code § 73.001 (authorizing transfer of cases). We are unaware of any conflict between precedent from the Court of Appeals of the Third District and that of this Court on the relevant issues. *See* Tex. R. App. P. 41.3. As the transferee court, we are required to " 'stand in the shoes' of the transferor court so that an appellate transfer will not produce a different outcome, based on application of substantive law, than would have resulted had the case not been transferred." *In re Reardon*, 514 S.W.3d 919, 922–23 (Tex. App.—Fort Worth 2017, orig. proceeding) (quoting commentary to Tex. R. App. P. 41.3).

and an outline of some fingers around her neck. Officer Yurco also observed that the complainant appeared to have urinated on herself. The jury saw pictures of the complainant's neck and shorts. Office Yurco called for EMS and the complainant was transported to the hospital.

Officer Yurco then interviewed appellant. He admitted that he and the complainant had argued that evening about the complainant living at the house and that he wanted the complainant to leave that night. Appellant, however, denied ever using "any degree of force" or touching the complainant in a "physical way" that night. Officer Yurco testified that appellant's story "seemed a bit inconsistent, like he wasn't giving me the full — or full story of what happened. He wasn't giving me a full statement. He was just kind of being — as I put in my report, he was vague." Appellant was placed under arrest at the scene.

The jury heard Officer Curtis Meyer testify that appellant told Meyer that appellant and the complainant had been dating for two years. In addition, appellant mentioned to Meyer that he was being evicted so he wanted the complainant out.

An EMS, Bryan Mason, testified that complainant's voice was extremely hoarse, which is indicative of someone having been choked. He also observed contusions or bruises on both sides of the complainant's neck. He told the jury "[t]hey were on the sides of the neck, and it looks as if they were finger marks — like they were actually hand marks." It was Mason's impression that the complainant had been assaulted. Mason asked the complainant how her injuries occurred and that she told him she was choked. Another EMS, James Puckett, testified that he composed the narrative in the report. The EMS report, which was admitted into evidence, contains the following narrative:

> Upon arrival the pt was found standing in her driveway in front of her
> house, tracking with her eyes, warm dry and pink, AAOx4, and had a

3

chief complaint of being assaulted. The pt's voice was noted to be hoarse and she stated that she does not typically sound that way. The pt stated that during the assault she was pushed, punched in the stomach, and strangled. The pt was noted to multiple small contusions around her neck that appeared to be grip marks. The pt stated that during the strangulation she could not breath, urinated on herself, and almost lost consciousness. The pt denied full LOC. The pt was able to walk to the ambulance without assistance. The pt stated that her neck was a 7/10 pain and including her stomach rated her pain a 9/10. The pt's SPO2 was unremarkable. The pt's condition did not deteriorate throughout transport. The pt's care and my verbal report were given to the receiving nurse.

The report concluded the cause of complainant's injury as "asphyxiation/strangulation," "assault/battery." In the EMS records, the complainant lists her address as 7007 Hillcroft.

Additionally, in the complainant's hospital medical documentation, a treating physician reported that complainant was "strangled by husband until she choked and almost passed out and lost bladder function. Was also punched in the stomach . . . has a hoarse sore voice but feels ok now." In the hospital records list, the complainant lists her address as 7007 Hillcroft.

Officer Meyer met complainant at the hospital and observed several bruises along her upper arm and scratches on the side of her neck. He further observed when hospital staff tried to move the complainant she complained of pain. He testified that, based on his training, the complainant showed signs of strangulation.

An investigator with the Travis County District Attorney's office testified that he served the complainant with a subpoena to appear. Complainant, however, did not appear at trial. Jeannie Thomanitz, who is assigned to the victim services unit at the Austin Police Department, testified that it is common for family violence victims to call 911 and cooperate with law enforcement at the scene but not cooperate after that point. Finally, EMS Captain Don Rose, explained to the

4

jury about what happens in general in strangulation cases to the inside of the body whether visible bruises are present or not, including throat swelling, blocking an airway, and losing blood to the brain.

Appellant was indicted for the offense of felony assault by strangulation, enhanced by paragraphs alleging prior convictions. In March 2017, appellant's case was tried before a jury. The jury found appellant not guilty of felony assault by strangulation, but found him guilty of the lesser included misdemeanor offense of assault causing bodily injury. On March 9, 2017, the trial court sentenced appellant to 250 days confinement in the county jail. Appellant timely filed this appeal.

## II. Analysis

Appellant challenges the sufficiency of the evidence, claiming there was no evidence identifying him as the person who committed the assault; thus, the evidence is insufficient to show identity.

## A. Standard of Review and Relevant Law

Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014). When reviewing the sufficiency of the evidence to support a conviction, we consider all the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). In our sufficiency review we consider all the evidence in the record, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or

5

the defense. *Thompson v. State*, 408 S.W.3d 614, 627 (Tex. App.—Austin 2013, no pet.); *see Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

We assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 318; *see Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We consider only whether the factfinder reached a rational decision. *See Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016) (observing that reviewing court's role on appeal "is restricted to guarding against the rare occurrence when a fact finder does not act rationally") (quoting *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010)). "The key question is whether 'the evidence presented actually supports a conclusion that the defendant committed the crime that was charged.' " *Id.* (quoting *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) ).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. art. 38.04; *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Instead, we must defer to the credibility and weight determinations of the factfinder. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016); *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015). In addition, we must "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.

2015) (quoting *Clayton*, 2 35 S.W.3d at 778). When the record supports conflicting reasonable inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that resolution. *Cary*, 507 S.W.3d at 757; *Blea*, 483 S.W.3d at 33; *Murray*, 457 S.W.3d at 448–49.

Because factfinders are permitted to make reasonable inferences, "[i]t is not necessary that the evidence directly proves the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt." *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *see Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016); *Nowlin*, 473 S.W.3d at 317. The standard of review is the same for direct and circumstantial evidence cases. *Jenkins*, 493 S.W.3d at 599; *Nowlin*, 473 S.W.3d at 317; *Dobbs*, 434 S.W.3d at 170.

To determine whether the State has met its evidentiary burden of proving a defendant guilty beyond a reasonable doubt, we compare the elements of the offense as defined by the hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)); *see Morgan*, 501 S.W.3d at 89. "A hypothetically correct jury charge is one that 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.' " *Jenkins*, 493 S.W.3d at 599 (quoting *Thomas*, 444 S.W.3d at 8, in turn quoting *Malik*, 953 S.W.2d at 240); *see Morgan*, 501 S.W.3d at 89. The law as authorized by the indictment consists of the statutory elements of the charged offense as modified by the factual details and legal theories contained in the indictment.

7

*Patel v. State*, No. 03–14–00238–CR, 2016 WL 2732230, at \*2 (Tex. App.—Austin May 4, 2016, no pet.) (mem. op., not designated for publication); *see Jenkins*, 493 S.W.3d at 599; *Thomas*, 444 S.W.3d at 8.

## B.     Sufficiency of the Evidence

As relevant to the assault offense appellant was convicted of in this case, a person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. *See* Tex. Penal Code § 22.01(a) (defining assault causing bodily injury). Identification of the defendant as the person who committed the offense charged is an element of the offense that the State must prove beyond a reasonable doubt. *Miller v. State*, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984); *Lewis v. State*, No. 03–13–00275–CR, 2015 WL 1810389, at \*2 (Tex. App.—Austin Apr. 16, 2015, pet. ref'd) (mem. op., not designated for publication); *Wiggins v. State*, 255 S.W.3d 766, 771 (Tex. App.—Texarkana 2008, no pet.); *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd). Because appellant challenges the sufficiency of the evidence only as it relates to identity, we will focus our analysis on the evidence linking him to the assault.

No one method or formalized procedure is required for the State to prove the identity of the accused. *Lewis*, 2015 WL 1810389, at \*2; *Wiggins*, 255 S.W.3d at 771; *Clark v. State*, 47 S.W.3d 211, 214–15 (Tex. App.—Beaumont 2001, no pet.); *Roberson*, 16 S.W.3d at 167. Identity may be proven by direct evidence, circumstantial evidence, or even inferences. *Bin Fang v. State*, 544 S.W. 3d 923, 928 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Lewis*, 2015 WL 1810389, at \*2; *Wiggins*, 255 S.W.3d at 771; *Clark*, 47 S.W.3d at 214–15; *Roberson*, 16 S.W.3d at 167; *see Jenkins*, 493 S.W.3d at 599 ("The State may prove a defendant's identity and criminal culpability by either direct or circumstantial evidence, coupled with all reasonable inferences from that evidence." (citing

*Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009))). We review the totality of the circumstances to determine whether there is sufficient evidence showing that a defendant is the individual who committed the offense. *Lewis*, 2015 WL 1810389, at *2; *Becerra v. State*, No. 01–13–00807–CR, 2014 WL 2582901, at *3 (Tex. App.—Houston [1st Dist.] June 10, 2014, pet. ref'd) (mem. op., not designated for publication); *Wiggins*, 255 S.W.3d at 771; *see Rohlfing v. State*, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981) (concluding "from a totality of the circumstances the jury was adequately apprised that the witnesses were referring to appellant"). The absence of an in-court identification is merely a factor for the jury to consider in assessing the weight and credibility of the witnesses' testimony. *Lewis*, 2015 WL 1810389, at *2; *Wiggins*, 255 S.W.3d at 771.

In this case, the jury heard Officer Yurco testify that he responded to the complainant's 911 call within about four minutes of dispatch. Appellant answered the door at the address they were dispatched. Officer Yurco testified that only appellant and the complainant were in the house and the bedroom looked in disarray. Appellant told officers that he and complainant had dated for two years and the complainant had been staying at the residence. Appellant admitted that he had argued with the complainant that night because he wanted her to leave the residence. Appellant denied using "any degree of force" or touching the complainant in a "physical way" that night. Officers Yurco, Johns, and Meyer all testified they observed redness and scratches on the complainant's neck. They described her voice as hoarse, raspy and deteriorating the more she spoke. From this evidence, a rational jury could infer from the officers' testimony that the complainant had been assaulted and the person who assaulted her was appellant. This evidence is sufficient to prove appellant's identity as the person who committed the crime. *See Bin Fang*, 544 S.W.3d at 928.

Moreover, in the complainant's hospital medical records, a treating physician reported that complainant was "strangled by husband until she choked and almost passed out and lost bladder function. Was also punched in the stomach . . . has a hoarse sore voice but feels ok now." On the medical forms, the complainant listed her address as the same one in the assault. From this evidence, a jury could infer the person the complainant identified as her "husband" was appellant and he assaulted her. This evidence also is sufficient to prove appellant's identity as the person who committed the crime. *See Bin Fang*, 544 S.W.3d at 928.

Viewing all of the evidence in the light most favorable to the verdict, the evidence was sufficient to prove appellant's identity as the person a rational trier of fact could have found beyond a reasonable doubt that appellant intentionally, knowingly, or recklessly caused bodily injury to the complainant. *See* Tex. Penal Code § 22.01(a); *Orellana v. State*, 381 S.W.3d 645, 653–54 (Tex. App.—San Antonio 2012, pet. ref'd) (holding circumstantial evidence sufficient to show that appellant was the perpetrator of the offense); *Nicholson v. State*, 162 S.W.3d 389, 396–97 (Tex. App.—Beaumont 2005, pet. ref'd)(same). Accordingly, we hold that the evidence is sufficient to support appellant's conviction for Class A misdemeanor assault.

Appellant's issue is overruled.

### III.    Conclusion

The judgment of the trial court is affirmed.

/s/      John Donovan
          Justice

Panel consists of Justices Boyce, Donovan, and Wise.

Do Not Publish—Tex. R. App. P. 47.2(b).

11