Ken Wise, Justice
The jury convicted appellant of assaulting a family member. He challenges his conviction in two issues, contending that (1) the trial court erred by admitting out-of-court statements from the complainant in violation of the Confrontation Clause in the Sixth Amendment to the United States Constitution; and (2) the evidence is insufficient to support the conviction. We affirm.
I. SUFFICIENCY OF THE EVIDENCE
We address appellant's second issue first because it would afford him greater relief than his first issue. See Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co. , 995 S.W.2d 675, 677 (Tex. 1999) ; Sifuentes v. State , 494 S.W.3d 806, 809 n.1 (Tex. App.-Houston [14th Dist.] 2016, no pet.). In his second issue, appellant contends the evidence is legally insufficient to support the conviction because the State failed to prove that appellant (1) intentionally or knowingly struck the complainant with his hand; (2) caused any bodily injury to the *926 complainant; or (3) had a dating relationship with the complainant.
A. Standard of Review
In a sufficiency review, "we consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational juror could have found the essential elements of the crime beyond a reasonable doubt." Balderas v. State , 517 S.W.3d 756, 765-66 (Tex. Crim. App. 2016). "The jury is the sole judge of the credibility and weight to be attached to witness testimony." Id. at 766. "When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination." Id. We consider all the evidence in the record, whether it was admissible or not. See Winfrey v. State , 393 S.W.3d 763, 767 (Tex. Crim. App. 2013).
"We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to 'the elements of the offense as defined by the hypothetically correct jury charge for the case.' " Hernandez v. State , No. PD-1049-16, --- S.W.3d ----, ----, 2017 WL 4675371, at *2 (Tex. Crim. App. Oct. 18, 2017) (quoting Malik v. State , 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) ). "A hypothetically correct jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.' " Id. (quoting Malik , 953 S.W.2d at 240 ).
"A 'variance' occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial." Gollihar v. State , 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). A variance that is immaterial is disregarded in the hypothetically correct jury charge, but allegations giving rise to a material variance must be included. Hernandez , --- S.W.3d at ----, 2017 WL 4675371, at *2. Generally, allegations included in the charging instrument that are not essential to constitute the offense give rise to immaterial variances. See Gollihar , 46 S.W.3d at 249-50.
B. Factual and Procedural Background
The State's evidence included a recording of a 911 phone call and the testimony of two officers who responded to the call. In the 911 call, a person who identified herself as "Lee-Lee" said that her husband "beat" her with his "fist."[1] She gave her address and said her husband was Asian. She mentioned having a baby.
The officers testified that they were dispatched to the address given during the 911 call. Appellant, an Asian man, opened the door. He said that the police were not needed, or that no one called the police. An officer asked if anyone named "Lee-Lee" was there, and appellant said "yes." Appellant said, "[T]hat's my wife Lee-Lee." Appellant did not ask why the police were there. He opened the door wider, and the officers could see the complainant. The officer asked to speak with the complainant, and she approached slowly. She *927 seemed upset, sad, in fear, and shaken up. She held a baby in her arms.
The officers saw blood in the corners of the complainant's mouth and nostril. One officer described the blood as "wet" and "very fresh" as if "it had just occurred or it just had happened recently"; the other officer described it as "freshly dried." The officers saw two scratches on the complainant's forehead and a bruise on her bicep about the size of a thumbprint. It seemed to the officers like the complainant had just finished crying because her cheeks and eyes were puffy and red.
The complainant told the officers that everything was fine, she did not need police, her husband did not do anything to her, and she had caused her own injuries. An officer testified that he did not believe her. The complainant did not say how she injured herself. An officer asked appellant if he knew how the complainant sustained the injuries. Appellant did not indicate that he knew; he asked for a lawyer.
Appellant was charged by information with assault. After the trial court struck several paragraphs of the information, it read in relevant part as follows:
BIN FANG, hereafter styled the Defendant, heretofore on or about JUNE 5, 2016, did then and there unlawfully intentionally and knowingly cause bodily injury to [the complainant] a PERSON WITH WHOM THE DEFENDANT HAD A DATING RELATIONSHIP, hereafter styled the Complainant by STRIKING THE COMPLAINANT WITH HIS HAND.
The trial court instructed the jury consistent with the information, and the jury found appellant guilty. The trial court made an affirmative finding under Article 42.013 of the Texas Code of Criminal Procedure that appellant "was prosecuted for an offense under Title 5 of the Penal Code that involved family violence."[2] The court assessed an agreed punishment and placed appellant on community supervision.
C. Sufficient Evidence of Guilt
Under the hypothetically correct jury charge authorized by the information, the State was required to prove that appellant intentionally or knowingly caused bodily injury to the complainant. See, e.g. , Wert v. State , 383 S.W.3d 747, 755 (Tex. App.-Houston [14th Dist.] 2012, no pet) (citing Tex. Penal Code § 22.01(a)(1) ).[3] We now review the elements and issues fairly raised by appellant's brief.
1. Appellant's Identity
The State must prove that the accused is the person who committed the crime charged.
*928 Smith v. State , 56 S.W.3d 739, 744 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd). Identity may be proven through direct or circumstantial evidence, and through inferences. Id. ; see also Balderas , 517 S.W.3d at 766.
In this case, the jury could infer that the person identifying herself as "Lee-Lee" during the 911 call was the complainant and that the "husband" described during the call was appellant. The person who made the 911 call said that her husband beat her; she gave the correct address for the complainant; she described her husband as Asian; and she mentioned having a baby. The officers responded to the address and encountered appellant, an Asian man. Appellant identified the complainant as "Lee-Lee," his wife. The officers saw the complainant holding a baby and observed that the complainant had scratches, a bruise, and a bloody mouth and nose.
A rational juror could infer from the 911 recording and the officers' testimony that appellant was the person described during the call as beating the complainant with his fist. The evidence is sufficient to prove appellant's identity as the person who committed the crime.
2. Bodily Injury
"Bodily injury" includes physical pain or any impairment of physical condition. Tex. Penal Code § 1.07(a)(8). "Any physical pain, however minor, will suffice to establish bodily injury." Garcia v. State , 367 S.W.3d 683, 688 (Tex. Crim. App. 2012). A jury may infer whether a person felt physical pain because "people of common intelligence understand pain and some of the natural causes of it." Id.
Evidence of a cut or bruise is sufficient to show bodily injury. See Shah v. State , 403 S.W.3d 29, 34-35 (Tex. App.-Houston [1st Dist.] 2012, pet. ref'd) (sufficient evidence of bodily injury because the jury could reasonably infer that a "lesion on the bridge of [the complainant's] nose would cause physical pain"); Arzaga v. State , 86 S.W.3d 767, 778 (Tex. App.-El Paso 2002, no pet.) (noting that the "existence of a cut, bruise, or scrape on the body is sufficient evidence of physical pain"); Goodin v. State , 750 S.W.2d 857, 859 (Tex. App.-Corpus Christi 1988, pet. denied) (sufficient evidence although the complainant did not testify about physical pain because there was a reasonable inference that "bruises and muscle strain caused him 'physical pain' ").
The officers testified that the complainant had scratches on her forehead, a bruise on her arm, and fresh blood on her mouth and nose. This evidence is sufficient to prove bodily injury. See, e.g. , Shah , 403 S.W.3d at 35.
3. Culpable Mental State
"Assault by causing bodily injury is a result-oriented offense." Darkins v. State , 430 S.W.3d 559, 565 (Tex. App.-Houston [14th Dist.] 2014, pet. ref'd) ; see also Landrian v. State , 268 S.W.3d 532, 536 (Tex. Crim. App. 2008). Accordingly, the State had to prove that appellant caused the result of bodily injury with the requisite culpable mental state. See Darkins , 430 S.W.3d at 565. A person acts knowingly with respect to the result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result. Tex. Penal Code § 6.03(b). Proof of a culpable mental state generally relies on circumstantial evidence. Gilder v. State , 469 S.W.3d 636, 639 (Tex. App.-Houston [14th Dist.] 2015, pet. ref'd) (citing Lane v. State , 763 S.W.2d 785, 787 (Tex. Crim. App. 1989) ); see also Balderas , 517 S.W.3d at 766. Intent may be inferred from appellant's words, acts, and conduct. See Gilder , 469 S.W.3d at 639.
*929 The complainant said during the 911 call that appellant beat her with his fist. A rational jury could infer that appellant acted knowingly because a person would be aware that beating someone with a fist is reasonably certain to cause bodily injury.
4. Manner and Means of Causing Injury by Striking with His Hand
It appears from appellant's brief that he contends the evidence is insufficient because the State failed to prove the conduct alleged in the information: "striking the complainant with his hand." However, the State was not required to prove the manner and means of causing the injury alleged in the information. See Johnson v. State , 364 S.W.3d 292, 298-299 (Tex. Crim. App. 2012) (holding that the State was not required to prove the allegation in the indictment for aggravated assault that the defendant hit the victim with his hand or twisted the victim's arm with his hand because any variance between the allegation and proof at trial would be immaterial); cf. Phelps v. State , 999 S.W.2d 512, 518 (Tex. App.-Eastland 1999, pet. ref'd) (holding that the hypothetically correct jury charge for injury to a child would not include the descriptive phrase "with his hand" because the phrase unnecessarily increased the State's burden of proof). Regardless, the evidence is sufficient to support the pleaded manner and means of the cause of the injury because the complainant said during the 911 call that appellant "beat" her with his "fist."
5. Dating Relationship
Finally, appellant contends that the evidence is insufficient to support the jury's finding that appellant and the complainant had a "dating relationship" as defined by the Texas Family Code.
Assault is generally a Class A misdemeanor. See Tex. Penal Code § 22.01(b). Under the statute, an assault may be elevated to a felony for one of several reasons. See id. § 22.01(b), (b-1), (b-2). As relevant to appellant's argument, the offense may be a felony if the State alleges and proves, among other things, that the defendant and the victim had a relationship or association described by certain sections of the Family Code-broadly speaking, a dating relationship, a familial relationship, or membership in a household. See id. § 22.01(b)(2), (b-2) ; see also Tex. Fam. Code §§ 71.0021(b), 71.003, 71.005. See generally Hernandez v. State , No. 01-16-00755-CR, --- S.W.3d ----, ----, 2017 WL 3429414, at *5 (Tex. App.-Houston [1st Dist.] Aug. 10, 2017, no pet. h.).
In their briefs, appellant and the State both rely on authority that suggests when the State alleges one specific type of relationship, the State might be required to prove that type of relationship, so a variance in the proof might be material. See Sanchez v. State , 499 S.W.3d 438, 442 (Tex. Crim. App. 2016) (reasoning that the categories of dating relationship, family, and household are not identical, indistinguishable, nor interchangeable for purposes of evaluating the sufficiency of the evidence). Appellant contends that the State proved only that appellant and the complainant were family members because they were spouses, not that they had a dating relationship. See ids="12177665" index="36" url="https://cite.case.law/sw3d/499/438/#p442">id. ("There are individuals who have a spousal relationship but no prior dating relationship with each other, for instance in an arranged marriage. A defendant who assaults his spouse under these circumstances could be charged only with assault-family violence against a member of his family.").
However, appellant was charged with, and convicted of, a Class A misdemeanor assault for causing bodily injury. For this type of misdemeanor assault, the hypothetically correct jury charge would not include *930 any element related to a special relationship or association. See Tex. Penal Code § 22.02(a)(1) ; see also Wert , 383 S.W.3d at 755 (omitting reference to a dating relationship from the hypothetically correct jury charge for a misdemeanor assault conviction when the defendant assaulted his girlfriend). Accordingly, the State's allegation in the information that appellant and the complainant had a dating relationship gives rise to an immaterial variance for purposes of the hypothetically correct jury charge. See Gollihar , 46 S.W.3d at 250, 256-57 (reaffirming the fatal variance doctrine and noting that surplusage generally is disregarded as an immaterial variance). Because the State was not required to prove a dating relationship in this case, the evidence of appellant's guilt cannot be insufficient due to lack of evidence of a dating relationship. Accordingly, we do not review the evidence concerning a dating relationship.[4]
In sum, a rational jury could have found the essential elements of the crime beyond a reasonable doubt, so the evidence is legally sufficient. Appellant's second issue is overruled.
II. ALLEGED VIOLATION OF CONFRONTATION CLAUSE
In his first issue, appellant contends that the trial court erred by admitting into evidence the complainant's out-of-court statements made to police officers after they responded to the 911 call, thus violating appellant's right under the Confrontation Clause of the United States Constitution. See U.S. Const. amend. VI.
At trial, appellant twice objected to this type of testimony based on hearsay. Appellant did not make an objection based on the Confrontation Clause. His hearsay objections did not preserve error for his complaint on appeal concerning the Confrontation Clause. See, e.g. , Reyna v. State , 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Under these circumstances, we may not reverse his conviction on a ground not presented to the trial court. See itation case-ids="8934647" index="40" url="https://cite.case.law/sw3d/168/173/#p179">id. at 180 ; see also Tex. R. App. P. 33.1.
Appellant's first issue is overruled.
III. CONCLUSION
Having overruled both of appellant's issues, we affirm the trial court's judgment.

Lee-Lee initially responded "yes" to the dispatcher's question of whether her husband hit her with a weapon. The dispatcher then asked, "What did he hit you with, ma'am?" Although Lee-Lee's hushed and panicked voice in an Asian accent may be difficult to understand, the jury could have inferred that Lee-Lee answered the question with "his fist," in part because the dispatcher responded, "Okay, so no weapons."

See Tex. Code Crim. Proc. art. 42.013 ; see also Tex. Penal Code § 22.01(a)(1) (assault statute included within Title 5 of the Penal Code); Tex. Fam. Code § 71.004 (defining "family violence" to include an act by a member of a family against another member of a family that is intended to result in bodily injury).

Although the statute allows for a conviction with a reckless culpable mental state, the information alleged only intentional and knowing mental states. We assume without deciding that the hypothetically correct jury charge in this case excludes the reckless culpable mental state. See Johnson v. State , 364 S.W.3d 292, 294 (Tex. Crim. App. 2012) (noting that for purposes of determining whether a variance is material, "the failure to prove the statutory language pled renders the evidence legally insufficient to support the conviction"); see also Hicks v. State , 372 S.W.3d 649, 653 (Tex. Crim. App. 2012) (reasoning that a "reckless" assault is a lesser-included offense of a "knowing" assault); Geick v. State , 349 S.W.3d 542, 546-48 (Tex. Crim. App. 2011) (holding that when the State pleads a statutory definition that narrows the manner and means of the offense, the pleaded manner and means is included in the hypothetically correct jury charge).

Appellant does not challenge the trial court's finding, made orally and reflected in the judgment under Article 42.013 of the Code of Criminal Procedure, that this offense "involved family violence." Although we must construe briefing rules liberally, see Tex. R. App. P. 38.9, and address issues fairly included within a statement of issues, see Tex. R. App. P. 38.1(f), 47.1, appellant cites no authority related to an attack on a trial court's special finding of family violence. See Tex. R. App. 38.1(i) (brief must contain a clear and concise argument with appropriate citations to authorities); McDuff v. State , 939 S.W.2d 607, 613 (Tex. Crim. App. 1997) (insufficiently briefed issue concerning sufficiency of the evidence presents nothing for review). We do not construe appellant's sufficiency challenge concerning the jury's finding of guilt as an attack on the trial court's special finding. Cf. Ex parte Patterson , 740 S.W.2d 766, 776 (Tex. Crim. App. 1987) (holding that although a defendant is entitled to notice of the State's intent to seek a special finding of deadly weapon, the notice need not be included in the indictment, and noting that the "failure to prove the special plea will not affect sufficiency of evidence going to the primary offense"), overruled on other grounds by Ex parte Beck , 769 S.W.2d 525 (Tex. Crim. App. 1989).