**Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion filed October 30, 2018**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00111-CR

---

**JENIFER ANNETTE CASH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1509662**

---

## M E M O R A N D U M    O P I N I O N

Appellant Jenifer Annette Cash pled guilty without an agreed sentencing recommendation to reckless injury to an elderly person, a state jail felony. *See* Tex. Penal Code Ann. § 22.04(a)(3), (f) (West 2011). At appellant's punishment hearing, a presentence investigation (PSI) report was admitted into evidence. The trial court sentenced appellant to serve ten years in prison.

Appellant challenges her conviction in two issues. In her first issue, appellant contends the trial court abused its discretion when it overruled her hearsay objection to portions of the PSI report. We overrule this issue because trial courts may consider information in a PSI report that is hearsay. In her second issue, appellant argues that the judgment incorrectly reflects the degree of the felony to which she pleaded guilty. In response, the State admits appellant's sentence is illegal. We therefore reverse the trial court's judgment as to punishment and remand for a new punishment hearing.

## BACKGROUND

The complainant is the 77-year-old former foster mother of appellant. Appellant and the complainant got into an argument inside appellant's car. When the complainant got out of the car, appellant backed her car up and the open passenger door knocked the complainant down, causing her injuries. Appellant was charged with recklessly causing bodily injury to the complainant, a person at least 65 years old. Appellant entered an open plea of guilty. The trial court ordered the preparation of a presentence investigation report. Once the report was completed, the trial court conducted a punishment hearing. The PSI report was admitted into evidence over appellant's hearsay objection to a portion of that report. Both the complainant and appellant testified during the hearing. At the end of the hearing, the trial court sentenced appellant to serve ten years in prison. This appeal followed.

## ANALYSIS

I. **The trial court did not abuse its discretion when it overruled appellant's hearsay objection.**

In her first issue, appellant argues that the trial court abused its discretion when it overruled her hearsay objection to certain portions of the PSI report. We review a trial court's admission of evidence for an abuse of discretion. *Corley v.*

*State*, 541 S.W.3d 265, 267 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Under an abuse-of-discretion standard, we will not disturb the trial court's decision if the ruling falls within the zone of reasonable disagreement. *Id.*

A trial court's ability to consider hearsay evidence in determining the punishment to impose on a defendant is well grounded in precedent. As we have explained, "the Court of Criminal Appeals has held that the PSI statute authorizes trial courts to consider information in the PSI report that is hearsay." *State v. Hart*, 342 S.W.3d 659, 676 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *Fryer v. State*, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002)). Because a trial court has authority to consider hearsay evidence, we hold that the trial court did not abuse its discretion when it overruled appellant's hearsay objection to the admission of a portion of the PSI report. We overrule appellant's first issue.[1]

## II. Appellant's sentence is illegal.

Appellant argues in her second issue that she pleaded guilty to a third-degree felony, but the trial court's judgment incorrectly reflects that appellant was convicted of a second-degree felony. In response, the State points out that the trial court's error was actually more serious, as the offense to which appellant pleaded guilty is only a

---

[1] Appellant also appears to argue in her brief that she received ineffective assistance of counsel because her trial counsel failed to object to numerous other instances of hearsay evidence in the PSI report. Because a trial court can consider hearsay evidence contained in a PSI report, we conclude appellant has not shown that her trial counsel was ineffective for failing to object to that admissible evidence. *See Oliva v. State*, 942 S.W.2d 727, 732 (Tex. App.—Houston [14th Dist.] 1997, pet. dism'd) ("Trial counsel's failure to object to admissible evidence does not constitute ineffective assistance of counsel."). Additionally, appellant seems to argue in her first issue that the trial court's consideration of hearsay evidence in the PSI report violates her rights under the Confrontation Clause of the United States Constitution. *See* U.S. Const. amend. VI. We conclude appellant failed to preserve this issue for appellate review because she did not object on that basis in the trial court. *See Bin Fang v. State*, 544 S.W.3d 923, 930 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (stating that defendant's "hearsay objections did not preserve error for his complaint on appeal concerning the Confrontation Clause.").

state jail felony. The State contends that appellant's sentence was therefore illegal and asks this Court to reverse that sentence and remand the case to the trial court for a new punishment hearing.

An illegal sentence is one that is not authorized by law. *See Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013). A sentence outside the range of punishment authorized by law is considered illegal. *Id.*; *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Although an illegal sentence is not included among the situations in which a judgment is void, an argument that a sentence is illegal may be raised at any time. *See Wright*, 506 S.W.3d 478, 482 (Tex. Crim. App. 2016) ("'Illegal sentence' was not one of the four situations listed."); *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) ("[T]here has never been anything in Texas law that prevented *any* court with jurisdiction over a criminal case from noticing and correcting an illegal sentence, no matter when or how the relief was sought." (internal quotation marks omitted)).

According to the State, the parties believed appellant was pleading guilty to a third-degree felony. The ten-year prison sentence that the trial court imposed on appellant is within the range of punishment for a third-degree felony. *See* Tex. Penal Code Ann. § 12.34 (West 2011). The State explains, however, that "the parties and the trial court were mistaken about [the] degree of offense to which the appellant pled guilty." We agree.

Appellant's indictment alleged that appellant recklessly caused bodily injury to an elderly person. This was the charge to which appellant judicially confessed. When a defendant recklessly causes bodily injury, the offense is a state jail felony. *See* Tex. Penal Code Ann. § 22.04(f) ("When the conduct is engaged in recklessly, the offense is a state jail felony."). A state jail felony is punishable by confinement for not more than two years or less than 180 days and a fine not to exceed $10,000.

4

*See id.* § 12.35.

Appellant's sentence to serve ten years in prison is outside the statutory punishment range and is therefore illegal. *Mizell*, 119 S.W.3d at 806. In this circumstance, the appropriate remedy is to reverse the judgment as to punishment and remand the question of appellant's punishment to the trial court. *See id.* at 805, 807.

## CONCLUSION

We affirm the trial court's judgment on guilt. Because the trial court imposed an illegal sentence on appellant, we reverse the judgment as to punishment and remand to the trial court for a new punishment hearing.

/s/ J. Brett Busby
Justice

Panel consists of Justices Busby, Brown, and Jewell.
Do Not Publish — TEX. R. APP. P. 47.2(b).