

## NUMBER 13-18-00378-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JEFF A. KAIGLER,                                                                                  Appellant,

v.

THE STATE OF TEXAS,                                                                              Appellee.

### On appeal from the County Court at Law
### of San Patricio County, Texas.

# MEMORANDUM OPINION
**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

Appellant Jeff A. Kaigler appeals his conviction for assault causing bodily injury to a family member, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.01(a)(1). The charging instrument alleges that Kaigler "intentionally, knowingly, or recklessly [caused] bodily injury" to his aunt, Rebecca Kaigler, by pushing her to the floor. *See id.* Kaigler appeals his conviction, contending there was legally and factually insufficient

evidence to support the verdict.[1]   We affirm.

## I.     BACKGROUND

At a bench trial, Rebecca testified that on October 9, 2017, she confronted Kaigler at the bathroom door concerning rent payment.   After the argument escalated, Kaigler then pushed Rebecca out of the bathroom, using the door, and caused her to fall on the floor.   Rebecca testified that she suffered three bruised ribs and a broken collarbone. She requested aid, and police officers were dispatched to the scene.   Police officers provided testimony and body-camera footage that demonstrated Rebecca holding her arm and crying.   The police officers arrested Kaigler for assault.   *See id.*   The trial court found Kaigler guilty and sentenced him to twenty days confinement in the San Patricio county jail and a $100 fine.   This appeal followed.

## II.     EVIDENCE WAS SUFFICIENT

By his sole issue, Kaigler contends that the evidence is insufficient to support his conviction because the State did not sufficiently prove the manner and means of the assault.

### A.  Standard of Review

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"   *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim.

---

[1] Because Texas courts no longer conduct factual sufficiency analyses in criminal cases, we construe appellant's contention as a legal sufficiency challenge.   *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.).

App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We "determine whether 'the evidence presented actually supports a conclusion that the defendant committed the crime that was charged.'" *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016) (quoting *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)). The legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense. *Brooks*, 323 S.W.3d at 899 (citing Lancon v. State, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)).

The fact finder is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given their testimony. *Id.* Our role is to ensure only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim. App. 1988) (en banc). When the reviewing court is faced with a record supporting contradicting inferences, we must presume that the jury resolved any such conflict in favor of the verdict, even if it is not explicitly stated in the record. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for

3

which the defendant was tried. *Id.*

**B. Applicable Law**

To support a conviction for assault, the State must prove beyond a reasonable doubt that the person "intentionally, knowingly, or recklessly [caused] bodily injury to another." *See* TEX. PENAL CODE ANN. § 22.01(a)(1).

The State is not required to prove the manner and means of causing the injury alleged in the information. *See Johnson*, 364 S.W.3d at 298–99. The State, however, must prove that the accused is the person who committed the crime charged. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App 2000); *Smith v. State*, 56 S.W.3d 739, 744 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Furthermore, assault is a result-oriented offense and therefore the State must prove the appellant caused the bodily injury with the requisite mental state. *Fang v. State*, 544 S.W.3d 923, 928–29 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Lastly, any physical pain is sufficient to establish bodily injury. *See* TEX. PENAL CODE ANN. § 1.07(a)(8); *Garcia v. State,* 367 S.W.3d 683, 688 (Tex. Crim. App. 2012).

**C. Discussion**

Kaigler specifically argues that there is insufficient evidence to support a conviction because the State failed to prove the manner and means of the assault. However, the Texas Court of Criminal Appeals has held that the State is not required to prove the manner and means of causing the injury. *See Johnson, 364* S.W.3d at 298–99. Moreover, because assault is a result-oriented offense, the manner and means are inconsequential for sufficiency review. *Id.* at 298. For these reasons, we need not

4

review whether the State failed to prove the manner and means of the assault.

The State provided legally sufficient evidence to support a conviction for assault. Rebecca confirmed that she was pushed by Kaigler and identified Kaigler as the sole person who caused the injury. *See Johnson*, 23 S.W.3d at 7. Kaigler's own testimony supports that he "pushed her really hard," but he did not intend to hurt her. Because we defer to the fact finder to weigh the facts and testimony of the case, we hold the finding of the trial court that Kaigler pushed Rebecca is supported by sufficient evidence. *See Brooks*, 323 S.W.3d at 899.

The evidence also demonstrates that Kaigler had the required culpable mental state. The circumstantial evidence from Kaigler's pushing and injuring of Rebecca suggests that he either knew the risk was reasonably certain to cause her injury or acted recklessly and consciously disregarded it. *See* TEX. PENAL CODE ANN. § 6.03. Either of these two culpable mental states are sufficient for a conviction of assault. *See id.* § 22.01(a)(1).

Lastly, Rebecca also suffered bodily injury. As a result of Kaigler's conduct, Rebecca suffered three bruised ribs and a broken collarbone. *See id.* § 22.01(a)(1); *Garcia*, 367 S.W.3d at 688. Moreover, footage from the officer's bodycam showed Rebecca crying and holding her arm. We conclude that the evidence is legally sufficient to support Kaigler's conviction for assault. We overrule Kaigler's sole issue.

### III.  CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
27th day of June, 2019.