**Affirmed and Memorandum Opinion filed August 29, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00078-CR

---

### LISA ANN BARFIELD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court No. 3
Galveston County, Texas
Trial Court Cause No. MD-0361467**

---

### MEMORANDUM OPINION

A jury convicted appellant, Lisa Ann Barfield, of assault causing bodily injury. *See* Tex. Penal Code § 22.01(a)(1). On appeal, appellant argues (1) the trial court erred in reciting the full statutory definition of "intentionally" in the jury charge, and (2) the trial court improperly charged on the burden of self-defense.

The State responds and questions our jurisdiction to entertain this appeal based on the timeliness of appellant's notice of appeal.[1]

We overrule appellant's first point of error as there can be no egregious harm when the application paragraph correctly instructs the jury despite an incorrect definition in the abstract portion. We overrule appellant's second issue on appeal because the trial court correctly charged the jury as to the burden of proof on self-defense. We therefore affirm the trial court's judgment.

## BACKGROUND

Appellant was charged by the State for a misdemeanor assault. Appellant was at the Tremont House ("Tremont") in Galveston, Texas where she was drinking at the lobby bar. The staff in the lobby bar eventually cut appellant off from further alcohol purchases. Appellant went to the hotel's rooftop bar later that same day. Appellant was drinking and asked to close her tab. Staff told appellant she was cut off and she demanded to speak to someone in charge.

Ashley Jasper, the food and beverage manager in charge that night at the Tremont, met with appellant. According to Jasper, appellant was very confrontational, aggressive, and used profanity that evening. Jasper testified that appellant raised her voice. Appellant then started moving toward Jasper and

---

[1] The State briefly questions this Court's jurisdiction in their statement of the case. The State contends that while appellant's notice of appeal was filed within the 15-day grace period, the motion for extension of time was one day late. *See* Tex. R. App. P. 26.3. Appellant asserts that she e-filed a motion for extension of time on the fifteenth day along with her notice of appeal, but it was rejected by the e-filing service provider. *See* Tex. R. App. P. 9.2(c)(4). We then granted the motion for extension of time. *See* Tex. R. App. P. 26.3. Therefore, her notice of appeal is deemed timely filed and we have jurisdiction to hear this appeal. *Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Slaton v. State*, 981 S.W.2d 208 210 (Tex. Crim. App. 1998) (per curiam) (reaffirming the rule in *Olivo* under revised Texas Rules of Appellate Procedure).

another worker. Jasper blocked appellant's path. Jasper told appellant to leave the bar and appellant told Jasper to shut up. Appellant then slapped Jasper on her cheek and eye, causing a stinging sensation and redness.

Jasper again informed appellant that she needed to leave the bar, telling her to "get the hell out of my bar." Jasper then placed her arm on appellant's shoulder to usher her toward the door. Upon being escorted out of the bar, appellant dropped the receipt booklet on the floor. Appellant then slapped Jasper again and called her a "fat black bitch." Appellant's husband arrived on the scene during the altercation and he helped lead appellant out of the hotel. Appellant continued talking at Jasper the entire time she was being led out of the hotel.

The Galveston Police Department arrived on scene after appellant had departed the hotel. The police were unable to locate appellant, so they took a report, and forwarded the matter to investigations. Detective Michelle Sollenberger was assigned the case. Detective Sollenberger contacted appellant to discuss the assault. Appellant, in the first phone conversation, told Detective Sollenberger that Jasper was a bully and threatened her. Appellant did not however, tell Detective Sollenberger that Jasper hit her, or that her actions that night were in self-defense. The next day, appellant left a voicemail message for Detective Sollenberger indicating that she wanted to make an official complaint about Jasper's conduct. Detective Sollenberger returned appellant's call, in this second phone conversation appellant for the first time stated that Jasper had pushed and hit her.

At the conclusion of the evidence, the jury convicted appellant of an assault on Jasper.

ANALYSIS

Appellant raises two points of error, both related to the jury charge. First, appellant argues that the definition of "intentionally" was not limited to result-oriented conduct as required for assaultive offenses. Next, appellant argues the trial court improperly charged on the burden of self-defense.

## I.      Standard of review

The trial judge must "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case." Tex. Code Crim. Proc. Ann. art. 36.14. "This charge should include, at a minimum, all of the law applicable to the criminal offense that is set out in the indictment or information, as well as general admonishments, including . . . the presumption of innocence, proof beyond a reasonable doubt, unanimity of the verdict, and so forth." *Mendez v. State*, 545 S.W.3d 548, 552 (Tex. Crim. App. 2018) (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007) (internal quotations omitted). These matters are always the "law applicable to the case." *Id*. The trial judge has a *sua sponte* obligation to instruct on these matters because "the trial judge is ultimately responsible for the accuracy of the jury charge and accompanying instructions." *Id*. "A consequence of this *sua sponte* duty is that, even if the defendant 'fails to object' to some error in the court's charge on the 'law applicable to the case,' the resulting claim of jury-charge error is not necessarily forfeited on appeal." *Mendez*, 545 S.W.3d at 552 (quoting *Delgado*, 235 S.W.3d at 249); s*ee also Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012) ("However, all alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court.").

However, in some instances it has been found the trial court has no duty to instruct, such as on "unrequested defensive issues,"[2] "lesser-included offenses,"[3] and "burden of proof concerning an extraneous offense."[4] If on its own initiative the trial court instructs on a defensive issue, it must do so correctly and any charge error is "'subject to review under *Almanza*,' rather than precluded from review under *Posey*." *Mendez*, 545 S.W.3d at 552-53 (quoting *Barrera v. State*, 982 S.W.2d 415, 416 (Tex. Crim. App. 1998)).

We review alleged charge error by considering two questions: (1) whether error existed in the charge; and (2) whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If a jury charge is erroneous, a harm analysis hinges upon whether a defendant objected to the charge. *See Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016); *see also Igo v. State*, 210 S.W.3d 645, 647 (Tex. Crim. App. 2006). If a defendant objected to the erroneous jury charge, reversal is required if we find "some harm" to his rights. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g)). If the defendant did not timely object, reversal is required "only if the error was so egregious and created such harm" that the defendant did not have a "fair and impartial trial." *Id.*

The egregious harm standard is met "'if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory.'" *State v. Ambrose*, 487 S.W.3d 587, 597 (Tex. Crim. App. 2016) (quoting *Marshall*,

---

[2] *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998).

[3] *Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010).

[4] *Delgado*, 235 S.W.3d at 254.

479 S.W.3d at 843). This standard is difficult to meet and is a case-by-case determination. *Marshall,* 479 S.W.3d at 843.

In evaluating whether a defendant was harmed by an erroneous jury instruction, the degree of harm must be measured by the following factors: (1) the entire jury charge; (2) the state of the evidence; (3) the parties' arguments; and (4) all other relevant record information. *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015); *see French v. State*, 563 S.W.3d 228, 237 (Tex. Crim. App. 2018) ("Whether jury charge error is preserved or not, the degree of harm resulting from the error must be measured in light of all four factors identified in *Almanza*."). Neither party bears the burden to show harm or lack thereof as a result of the error. *Marshall*, 479 S.W.3d at 843.

## II. There was no egregious harm when the trial court erroneously instructed the jury on the full statutory definition of "intentionally" in a result-oriented offense.

In a jury charge, the language in regard to the culpable mental state must be tailored to the conduct elements of the offense. *Price v. State*, 457 S.W.3d 437, 441 (Tex. Crim. App. 2015). A trial court errs when it fails to limit the language in regard to the applicable culpable mental states to the appropriate conduct element. *Id*. Assault by causing bodily injury is a result-oriented offense. *Bin Fang v. State*, 544 S.W.3d 923, 928 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Here, the jury charge used the following definition for "intentionally":

A person acts intentionally, or with intent, with respect to the **nature of her conduct or to a** result of her conduct when it is her conscious objective or desire to **engage in the conduct or** cause the result. (emphasis added)

Appellant contends the trial court erred when it included the bolded portions above. By using a definition of "intentionally" that included both result-oriented

6

conduct and nature-of-the-conduct we conclude the trial court erred.[5] As there was error in the jury charge and there being no objection, we apply the egregious harm standard.

In rare cases there are situations where, due to the recurring nature of the alleged harm, the Court of Criminal Appeals has spoken as to whether there can be egregious harm negating the need for the *Almanza* factor analysis. "Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999); *Gilbert v. State*, 494 S.W.3d 758, 768 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). This is one of those cases.

The erroneous definition was stated in paragraph III, while the application paragraph was labeled IV. In the application paragraph, the jury was instructed to convict if appellant "intentionally, knowingly, or recklessly cause[d] bodily injury." Therefore, as the application paragraph correctly instructed the jury and the erroneous definition was found only in an abstract paragraph, the error cannot be egregious harm. *Medina*, 7 S.W.3d at 640.

We overrule point of error one.

## III. The jury was properly charged on the burden of self-defense and therefore there was no error in the charge.

Appellant contends that the self-defense instruction found in the charge was erroneous because it failed to properly place the burden of proof on the State. Appellant argues that the jury charge should have contained the following instruction: "and that the prosecution has the burden of proving beyond a reasonable doubt that the Defendant did not act in self defense." Appellant asserts

---

[5] The definitions of knowingly and recklessly were appropriately limited to result-oriented conduct.

that "the State must persuade the jury beyond a reasonable doubt that the defendant did not act in self-defense." *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991).

Appellant's reliance on *Saxton* is misplaced. *Saxton* involved a sufficiency challenge to a murder conviction where self-defense was claimed. In *Saxton*, the Texas Court of Criminal Appeals, stated:

> Arguably, § 2.03(d) appears to impose a burden on the State to directly refute a defense raised at trial . . . but the Practice Commentary to § 2.03(d) and other case law indicate otherwise . . . . [T]he State has the burden of *persuasion* in disproving the evidence of self-defense. That is not a burden of *production*, i.e., one which requires the State to affirmatively produce evidence refuting the self-defense claim, but rather a burden requiring the State to prove its case beyond a reasonable doubt.

*Saxton*, 804 S.W.2d at 913; *see* Tex. Penal Code § 2.03(d) ("If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted."). Further, in *Saxton*, the Court of Criminal Appeals discussed the distinction between the burden of persuasion versus burden of production. 804 S.W.2d at 913. It went on to hold that the State has the burden of persuasion to prove its case beyond a reasonable doubt, and a "verdict of guilty is an implicit finding rejecting the defendant's self-defense theory." *Saxton*, 804 S.W.2d at 914.

The State is not required to negate the existence of the defense. *See* Tex. Penal Code § 2.03(b) ("The prosecuting attorney is not required to negate the existence of a defense in the accusation charging commission of the offense."). However, the trial court is required to instruct the jury that reasonable doubt as to the existence of the defense shall require acquittal. *See* Tex. Penal Code § 2.03(d).

In paragraph IV, the application paragraph, the trial court, as required by Texas Penal Code § 2.03(d), instructed the jury as follows:

> Therefore, if you find beyond a reasonable doubt that the defendant, LISA ANN BARFIELD did did [sic] intentionally, knowingly, or recklessly cause bodily injury to ASHLEY JASPER, by slapping ASHLEY JASPER with Defendant's hand, **but you further find, or have a reasonable doubt thereof. that the defendant was justified in using force against ASHLEY JASPER when and to the degree she reasonably believed the force was immediately necessary to protect herself against ASHLEY JASPER use or attempted use of unlawful force, you will find the defendant not guilty**. (emphasis added).

The trial court properly instructed the jury that the State held the final burden of persuasion on the issue of self-defense, and that if there was a reasonable doubt on that issue it was to find the defendant not guilty. Because the trial court properly instructed the jury on the law applicable to the case, there is no error in the charge as to the self-defense burden instruction. Concluding there is no error in the charge, we need not consider the *Almanza* analysis.

We overrule point of error two.

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the trial court's judgment.

/s/    Jerry Zimmerer
Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

Do Not Publish — TEX. R. APP. P. 47.2(b).

9