

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00452-CR

Larry Donzell **MCCONNELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 13, Bexar County, Texas
Trial Court No. 723150
Honorable Rosie S. Gonzalez, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:         Lori I. Valenzuela, Justice
                 Lori Massey Brissette, Justice
                 H. Todd McCray, Justice

Delivered and Filed: July 23, 2025

AFFIRMED

Appellant Larry McConnell was charged by information and found guilty of assault causing bodily injury to his wife, Amisha Gable. On appeal, McConnell argues the evidence is legally insufficient to support his conviction, the evidence presented at trial violated the Confrontation Clause, and his trial counsel was constitutionally ineffective. We affirm.

**BACKGROUND**

The information in this case alleged that:

On or about the 9th Day of December, 2023, [McConnell], did then and there intentionally, knowingly, and recklessly cause bodily injury to another . . . [Gable] . . . by striking [her] with the hand of [McConnell].

McConnell pled not guilty. At trial, the State's evidence consisted of a 911 phone call and the testimony of San Antonio police officer Chakel Charles and San Antonio Police Department crime scene investigator Thomas Suarez. In the 911 call, a person who identifies herself as Gable said that her husband—McConnell—was assaulting her by "punching [her] in the face a couple of times" and that he had brandished a "gun" and "cocked it" in front of her two children. The caller provided her address, McConnell's full name and date of birth, described McConnell as wearing a brown shirt and brown shorts, and informed the operator that McConnell was leaving the residence in his truck as the call progressed.

During the trial, Charles testified that on December 9, 2023, he was dispatched to a disturbance between a husband and wife in which Gable was assaulted, the assailant was wearing a brown shirt and brown shorts, and a gun was involved. At the scene, Charles first spoke to Gable and then to McConnell when McConnell returned to the residence. Testifying about his observations that night, Charles told the jury: Gable "appeared to be in distress and razzled" and that he identified two small knots to the upper left side of Gable's forehead appearing to be "fresh" with swelling; McConnell seemed to be "worked up;" and McConnell said he did not touch Gable. Charles additionally testified that he did not see any marks on McConnell's hands that would indicate an altercation had taken place and that, besides his observations, there were no other indications on McConnell's person that he had committed assault.

Video from Charles's body-worn camera, which was admitted into evidence, showed Gable telling Charles that McConnell punched her in the eye, during which Gable is shown gesturing to her face. The video additionally shows Charles speaking to McConnell, who denied that anything physical occurred between him and Gable or that he brandished a weapon. McConnell, who is wearing a brown shirt and brown shorts in the video, tells Charles that a disagreement occurred because Gable was not following the "rules," allegedly bringing other men to the home. Based on his observations and injuries to Gable, Charles testified that he determined McConnell had assaulted Gable.

Next, Suarez testified that he was called to the scene on December 9, 2023 to take photographs of Gable's injuries. Through Suarez's testimony, the trial court admitted four photographs of Gable showing swelling and injuries to the upper left side of her face. Notably, Gable did not testify.

The jury found McConnell guilty, and the trial court sentenced him to one year confinement, probated for twenty-four months. On appeal, McConnell argues the evidence is legally insufficient to support his conviction, the evidence presented at trial violated the Confrontation Clause, and that his trial counsel was constitutionally ineffective.

SUFFICIENCY OF THE EVIDENCE

*Standard of Review and Applicable Law*

We conduct a sufficiency review by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899–902 (Tex. Crim. App. 2010). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We "defer to the jury's

credibility and weight determinations because the jury is the 'sole judge' of witnesses' credibility and the weight to be given testimony." *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012). "When evaluating the sufficiency of the evidence, an appellate court considers the evidence in light of a hypothetically correct jury charge as authorized by the charging instrument." *Rodriguez v. State*, 274 S.W.3d 760, 767 (Tex. App.—San Antonio 2008, no pet.).

"In an assault case, the essential elements of the offense are: (1) a person; (2) intentionally[,] knowingly, or recklessly; (3) causes bodily injury; (4) to another." *Id.*; TEX. PENAL CODE § 22.01(a). Thus, in accordance with our standard of review, the State was required to prove that McConnell intentionally, knowingly, or recklessly caused bodily harm to Gable. On appeal, McConnell argues that the State failed to present direct evidence of identification, intent, and bodily injury. We will address the challenged elements one by one.

*A. Identification*

"The State must prove that the accused is the person who committed the crime charged." *Bin Fang v. State*, 544 S.W.3d 923, 927 (Tex. App.—Houston [14th Dist.] 2018, no pet.). "Identity may be proven through direct or circumstantial evidence, and through inferences." *Id.* at 928.

In this case, the jury was shown Charles's body camera footage in which Gable identified herself as the complainant and her husband, McConnell, as the person who assaulted her. The jury could also consider and draw reasonable inferences from the 911 call. Specifically, that the caller who identified herself as Gable was in fact Gable, and that she stated that her husband had assaulted her by punching her in the face. The 911 caller provided the address where Charles responded, and after arriving, Charles encountered McConnell wearing the same outfit described by the caller. Although McConnell denied any physical altercation between the two, Charles and Suarez both testified to observing injuries on the left side of Gable's face. We conclude that a rational trier of

fact could have found the evidence presented at trial established that McConnell was the assailant. *See id.*

## B. Intent

"Assault by causing bodily injury is a result-oriented offense." *Darkins v. State*, 430 S.W.3d 559, 565 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). "Intent may be inferred from circumstantial evidence such as the appellant's acts, words, and conduct." *Id.* "A person acts intentionally . . . when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE § 6.03(a). "A person acts knowingly . . . with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." *Id*. § 6.03(b). "A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id*. § 6.03(c). "Proof of a culpable mental state almost invariably depends on circumstantial evidence, and a trier of fact can infer the requisite culpable mental state . . . from all the circumstances, including the acts, conduct, and remarks of the accused." *Schoen v. State*, 708 S.W.3d 632, 639 (Tex. App.—San Antonio 2023, pet. ref'd).

During the 911 call, the caller, identifying herself as Gable, told the operator that McConnell had punched her in the face. On Charles's body-worn camera, Gable stated McConnell had punched her in the face. A rational jury could infer that McConnell acted with the requisite degree of intent because punching someone in the face is reasonably certain to cause bodily injury. *See id.*; *Bin Fang*, 544 S.W.3d at 928–29.

*C. Bodily Injury*

"'Bodily injury' means physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE § 1.07(a)(8). "Any physical pain, however minor, will suffice to establish bodily injury." *Garcia*, 367 S.W.3d 688. "A fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *Id*. "Evidence of a cut or bruise is sufficient to show bodily injury." *Bin Fang*, 544 S.W.3d at 928.

Pictures taken by Suarez at the scene show swelling near Gable's left eye. Additionally, at trial, Charles testified to viewing the swelling on Gable and that the injuries appeared "fresh" from that night. We hold that this evidence is sufficient to prove bodily injury. *See id.*

Accordingly, on McConnell's first issue, we hold that a rational jury could have found the evidence sufficient to sustain a finding beyond a reasonable doubt that McConnell intentionally, knowingly, or recklessly caused bodily harm to Gable. We overrule this issue.

### ISSUE TWO: CONFRONTATION CLAUSE AND INEFFECTIVE ASSISTANCE

In his final issues, McConnell argues the trial court's admission of the 911 call violated his rights under the Confrontation Clause because the person who made the 911 call was not available at trial for cross-examination. In the alternative, to the extent that his trial counsel failed to object to the admission of the 911 call, McConnell argues that his counsel provided ineffective assistance of counsel. The State contends McConnell failed to brief his Confrontation Clause issue adequately and therefore presented nothing for this court to review. The State additionally asserts that trial counsel's failure to object to the 911 call did not render trial counsel's representation constitutionally ineffective.

### A. McConnell Failed to Preserve his Confrontation Clause Challenge

After voir dire, the trial court heard pre-trial motions, including a "Crawford Hearing." *See generally Crawford v. Washington*, 541 U.S. 36, 52 (2004). McConnell generally argued that Gable was not going to testify and that any statements Gable made should be excluded as evidence because McConnell would not have the opportunity to confront her. The State, on the other hand, argued exceptions to the hearsay rule and why Gable's 911 call should be admitted. The trial court ruled the 911 call admissible under several hearsay exceptions. *See* TEX. R. EVID. 803(1)–(3). However, the trial court did not rule on the Confrontation Clause objection, and trial counsel did not pursue a ruling at that hearing.

As outlined, the State argues the Confrontation Clause issue was inadequately briefed. *See* TEX. R. APP. P. 38.1(i). Assuming McConnell properly briefed his Confrontation Clause issue, we ultimately hold he failed to preserve this issue at trial. "A trial judge's decision on the admissibility of evidence is reviewed under an abuse of discretion standard and will not be reversed if it is within the zone of reasonable disagreement." *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). However, "[w]e may not determine whether a trial court erred in the admission of evidence unless error is preserved for our review." *Edwards v. State*, 497 S.W.3d 147, 162 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). "To preserve error, a party must object and state the grounds for the objection with enough specificity to make the trial judge aware of the complaint, unless the specific grounds were apparent from the context." *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) (citing TEX. R. APP. P. 33.1(a)(1)(A)); *Torres v. State*, 424 S.W.3d 245, 256 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) ("To preserve error on Confrontation Clause grounds, an objection must be made at trial as soon as the basis for the objection becomes apparent."); *see also Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014) ("Because

preservation of error is a systemic requirement on appeal, a court of appeals should review preservation of error regardless of whether the issue was raised by the parties.").

During trial, the State called San Antonio Police Department custodian of records Lasonya Robinson to establish the admissibility of the 911 call. Relevant to this appeal, the following exchange occurred:

State: . . . what is this?

Robinson: 911 audio. A recording of the 911 audio.

State: Have you listened to this recording?

Robinson: Yes.

State: And was it prepared on a device capable of playing that recording?

Robinson: Yes.

State: And has that recording been altered in any way?

Robinson: No.

State: Okay. Judge, permission to admit [the 911 call].

. . .

Defense Counsel: No objections, Your Honor.

Trial Court: Hearing no objection, you may publish.

Although McConnell complains on appeal that admission of the 911 call violated his rights under the Confrontation Clause, he affirmatively stated "no objections" when the State sought to introduce the evidence at trial and, furthermore, did not otherwise challenge the admissibility of the evidence despite being given the opportunity to do so at trial. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) ("When a defendant's objection encompasses complaints under

both the Texas Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error."); *see also Dean v. State*, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988) ("When an accused affirmatively asserts during trial that he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling."); *Workman v. State*, No. 2-06-351-CR, 2007 WL 2792790, at *2 (Tex. App.—Fort Worth Sept. 27, 2007, pet. ref'd) (mem. op., not designated for publication) (citing cases). Accordingly, we hold that McConnell did not preserve his complaint for our review. *See Reyna*, 168 S.W.3d at 179; *Dean*, 749 S.W.2d at 83; Tex. R. App. P. 33.1(a)(1)(A).

## B. Trial Counsel's Representation Was Constitutionally Effective

In the alternative, McConnell argues that his trial counsel's failure to object to the admission of the 911 call during trial amounts to ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, McConnell must satisfy the two-element test set out in *Strickland v. Washington*. *See* 466 U.S. 668, 687 (1984). First, McConnell must show that his trial counsel's performance was deficient. *Id.* This element "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Counsel's representation is constitutionally deficient if the assistance falls below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Conversely, counsel's representation does not fall below the objective standard of reasonableness simply because another would have selected a different trial strategy. *Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011). Whether counsel's performance falls within the bounds of the objective standard of reasonableness is judged by "the prevailing professional norms." *Id.* at 142.

If McConnell can show his trial counsel's representation was deficient, he must then satisfy the second *Strickland* element. That is, McConnell must show counsel's deficient performance prejudiced his case. *Strickland*, 466 U.S. at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. "In other words, [McConnell] must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson*, 9 S.W.3d at 812.

Both *Strickland* elements "must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). As an appellate court, we strongly presume "that counsel's conduct falls within the wide range of reasonable professional assistance." *Robertson v. State*, 187 S.W.3d 475, 482 (Tex. Crim. App. 2006); *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021) ("A silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance."). Under this presumption, an ineffective assistance of counsel claim is a high hill to traverse via direct appeal "because the record is generally undeveloped." *Goodspeed*, 187 S.W.3d at 392. "This is true with regard to the question of deficient performance—in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight— where counsel's reasons for failing to do something do not appear in the record." *Id*.

This is not to say an appellant may never develop a sufficient record to claim ineffective assistance of counsel via direct appeal. The alleging party may develop a sufficient record through a motion for a new trial or other post-judgment motion that provides counsel with an opportunity to, for example, provide reasoning and guidance on trial strategy—which may or may not justify counsel's action or inaction. *Macias v. State*, 539 S.W.3d 410, 417 (Tex. App.—Houston [1st

Dist.] 2017, pet. ref'd). "Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392 (internal quotation marks omitted); *see also Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve.").

On this record, we conclude McConnell did not establish that his trial counsel's performance fell below an objective standard of reasonableness because he failed to object to the admission of the 911 call during trial. McConnell raises his ineffective assistance of counsel claim for the first time on appeal. McConnell did not file a motion for new trial or any other post-judgment motion complaining of his trial counsel's performance to develop a record applicable to his ineffective assistance claim. *Goodspeed*, 187 S.W.3d at 392; *Macias*, 539 S.W.3d at 417. Although McConnell may raise these issues and arguments for the first time on appeal, this record is silent regarding trial counsel's reasons for deciding not to object. *See Lopez*, 343 S.W.3d at 144; *Walker v. State*, 676 S.W.3d 213, 225–26 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd); *see also Haagensen v. State*, 346 S.W.3d 758, 766 (Tex. App.—Texarkana 2011, no pet.) ("Trial counsel's strategy in not objecting may have been an effort to build rapport with the jury and prevent the jury from concluding he was attempting to hide information from them. Counsel also may have not objected because an objection would have emphasized the evidence."). Accordingly, we conclude McConnell has failed to rebut the presumption that his trial counsel's performance fell within an objective standard of reasonableness based on the prevailing professional norms.

*Garcia v. State*, 57 S.W.3d 436, 440–41 (Tex. Crim. App. 2001); *Vega v. State*, 610 S.W.3d 79, 84 (Tex. App.—San Antonio 2020, no pet.).

## CONCLUSION

We overrule McConnell's appellate issues and affirm the trial court's judgment.

Lori I. Valenzuela, Justice

DO NOT PUBLISH