

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00369-CR

Jimmy **ALDANA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR8138
Honorable Frank J. Castro, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:     Karen Angelini, Justice
     Marialyn Barnard, Justice
     Luz Elena D. Chapa, Justice

Delivered and Filed: December 5, 2018

AFFIRMED

A jury found appellant Jimmy Aldana guilty of burglary of a habitation. On appeal, Aldana contends the evidence is legally insufficient to support his conviction. We affirm the trial court's judgment.

### BACKGROUND

Michelle Martinez arrived home to find her apartment had been burglarized. Among the items taken were: (1) three televisions, (2) several purses, (2) jewelry, (3) a safe that contained family heirlooms, including a belt buckle owned by her mother's boyfriend that had his initials

engraved on it, (4) a travel bag, (5) telephones, (6) hygiene items, (7) sunglasses, (8) cash, and (9) Martinez's state-issued driver's license. Martinez reported the incident to police. Soon after, she began to suspect a former friend, Aldana, of the burglary. Martinez and Aldana were never a couple, but were intimate off-and-on over the course of six years. However, Martinez had recently told Aldana they were "done." The burglary occurred a week later.

Martinez remembered that in the past she had allowed Aldana to use her car; she stated he could have made a spare key to her apartment as the apartment key was on the same ring with the car keys. Martinez's suspicions were confirmed when she found on-line pictures and videos showing Aldana and his girlfriend in possession of some of the items she had reported as stolen. Martinez notified police, and a detective conducted a follow-up investigation that led to a search of Aldana's residence.

During the search, officers discovered many of the items Martinez had reported missing, including the televisions (serial numbers matched those reported by Martinez), purses, family heirlooms — including the personalized belt buckle, as well as Martinez's state-issued driver's license. Aldana was charged and subsequently indicted for burglary of a habitation.

At trial, the jury found Aldana guilty of burglary, and he pled true to the enhancement allegations. The trial court sentenced Aldana to forty-five years' confinement. Thereafter, Aldana perfected this appeal.

### ANALYSIS

In his sole point of error, Aldana contends the evidence is legally insufficient to support his conviction. The State counters, arguing the evidence was sufficient to establish Aldana committed burglary of a habitation by entering the Martinez's home without her consent and committing theft.

***Standard of Review***

In reviewing a legal sufficiency challenge, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Arroyo v. State*, No. PD-0797, 2018 WL 4344410, at *3 (Tex. Crim. App. Sept. 12, 2018) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014) (same). The *Jackson* standard provides "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Arroyo*, 2018 WL 4344410, at *3; *see Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014). To determine whether the inferences drawn by the trier of fact are reasonable, we must consider the "combined and cumulative force of all the evidence." *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). When the evidence supports conflicting inferences, we must presume the trier of fact resolved the conflicts in favor of the verdict; we defer to that determination. *Id.*

Moreover, the jury is the sole judge of credibility and weight to be attached to the testimony of witnesses. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012) (citing *Jackson*, 443 U.S. at 318–19). A reviewing court cannot act as a thirteenth juror and make its own assessment of the evidence. *Cary v. State*, 507 S.W.3d 761, 766 (Tex. Crim. App. 2016). The court's role is limited to safeguarding against the rare occurrence when the factfinder does not act rationally. *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016).

***Application***

A person commits the offense of burglary of a habitation if, without the effective consent of the owner, he: (a) enters the habitation with the intent to commit a theft; or (b) enters a habitation and commits or attempts to commit a theft. TEX. PEN. CODE ANN. § 30.02(a). A person commits

a theft when he "unlawfully appropriates property with intent to deprive the owner of property." *Id.* § 31.03(a). Appropriation is unlawful if it is without the owner's effective consent. *Id.* § 31.03(b). Here, the State alleged Aldana entered Martinez's apartment and, without her effective consent, appropriated her property. As noted, Aldana contends the evidence is insufficient to support his conviction. In support of his contention, Aldana appears to raise two arguments. First, he argues that based on his six-year relationship with Martinez, he was joint owner of the apartment and cannot be guilty of burglarizing his own residence. Second, he argues he was the joint owner of the property taken and cannot be guilty of unlawfully appropriating his own property. We note that in his brief, when Aldana refers to the property taken, he seems to refer only to the televisions, stating he was joint owner of the "property (TV's)" that was taken.

We first address the argument that Aldana was joint owner of the apartment, and therefore could not be guilty of burglarizing his own habitation. The Texas Penal Code defines "owner" as "a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." *Id.* §1.07(a)(24). "Possession" is defined in this same section as "actual care, custody, control, or management." *Id.* §1.07(a)(28). Ownership of a burglarized habitation may be proven in one of three ways: (1) title; (2) possession, whether lawful or not; or (3) a greater right to possession than the defendant. *Morgan*, 501 S.W.3d at 91 (citing TEX. PENAL CODE ANN. § 1.07(a)(35)(A)). Thus, pursuant to the definition of "owner," a defendant who has some, but less right to control a habitation than the alleged owner, may be prosecuted for burglary of a habitation. *Id.* (citing *Compton v. State*, 607 S.W.2d 246, 250–51 (Tex. Crim. App. [Panel Op.] 1980) (op. on state's mot. for reh'g) ("By adding the "greater right to possession" theory, "it is clear the Legislature intended to expand the class of individuals to be protected from theft.")).

For example, in *Morgan*, the Texas Court of Criminal Appeals held that although the defendant lived with his girlfriend in her apartment, because she paid the rent and was the only one named in the lease, she had a greater right to possession and was the "owner" of the apartment. *Id.* Therefore, the defendant was subject to prosecution for burglary of his girlfriend's apartment. *See id.* Similarly, in this case, the evidence shows Martinez had a greater right to possession of the apartment than Aldana. Martinez testified the apartment was hers and only she paid the rent for the seven months she had resided there. Martinez admitted that on a single occasion Aldana gave her $400.00 to help with her rent. We cannot say that this one-time gift gave Aldana a greater right of possession than Martinez, who had been paying rent for seven months. Martinez also testified she was issued two keys to her apartment; she kept one, and her mother kept the other one. Although the evidence showed Aldana occasionally spent the night with Martinez at her apartment, this did not give him equal or greater ownership rights to the apartment than that held by Martinez. Moreover, Martinez testified the burglary occurred a week after she told Aldana she was "done with him" and he was no longer permitted to spend the night in her apartment. As owner of the apartment, Martinez could deny anyone, including Aldana, access to it. Therefore, based on applicable law and the evidence, we hold that a jury could have reasonably inferred that Martinez's right to possess the apartment was greater than Aldana's, i.e., she was the "owner" of the apartment, and Aldana was subject to prosecution for burglary under the statute. *See Arroyo*, 2018 WL 4344410, at *3; *see also* TEX. PEN. CODE ANN. § 30.02(a).

Aldana also seems to argue he was joint owner of the property taken from Martinez's apartment and found in his residence. We note that in his brief, when referring to the property, Aldana appears to refer only to the televisions, describing the items taken as "property (TV's)." However, assuming Aldana meant all the property recovered, and not just the televisions, we find his contention without merit based on the evidence.

Aldana bases his joint ownership contention on Martinez's admission that over the course of their relationship, he gave her gifts and some money. Aldana seems to contend this imbued him with some ownership in the items. However, there was no evidence the items recovered during the search of Aldana's residence were "gifts" he had previously given Martinez. In fact, Martinez specifically testified that none of the recovered items had been given to her by Aldana. Notably, one of the items recovered from Aldana's residence was Martinez's driver's license, which he could not have gifted her. And police also recovered the initialed belt buckle that belonged to the boyfriend of Martinez's mother; Aldana could not have gifted this item to Martinez.

Martinez reported the previously described items as stolen, Aldana was later seen in on-line videos and pictures with some of the items, and after the police conducted a search of Aldana's residence, many of the items Martinez's reported stolen were found therein. Based on the evidence, the jury could have rejected the notion that Aldana jointly owned any of the property at issue. It was within the jury's domain to resolve any conflict regarding alleged joint ownership of the property, weigh the evidence, and draw reasonable inferences therefrom. *See Arroyo*, 2018 WL 4344410, at *3. Thus, viewing the evidence in the light most favorable to the verdict, we hold a rational trier of fact could have found beyond a reasonable doubt that Aldana entered Martinez's apartment without her consent and committed theft by stealing Martinez's property. *See id.*

### CONCLUSION

Based on the foregoing analysis, we hold that the evidence is legally sufficient to support Aldana's conviction. Accordingly, we overrule his appellate complaint and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish