**Opinion filed January 16, 2020**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-18-00041-CR**

_____

**AMANDA JOSEFINA CANTU, A/K/A AMANDA CANTU,
Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR14956**

**M E M O R A N D U M   O P I N I O N**

The jury convicted Amanda Josefina Cantu, a/k/a Amanda Cantu, of the state jail felony offense of child endangerment. *See* TEX. PENAL CODE ANN. § 22.041(c), (f) (West 2019). After the jury found the two enhancement paragraphs contained in the indictment to be true, it assessed punishment at confinement for ten years. *See id.* § 12.425(a). In her sole issue on appeal, Appellant challenges the sufficiency of the evidence to support the conviction. We affirm.

As Appellant drove through Stephenville one evening on her way to Hondo, Officer Andrew Honecker of the Stephenville Police Department initiated a traffic stop because there was a broken brake light on Appellant's vehicle. Appellant's two children, ages eleven and fourteen at the time, were in the vehicle with her. During his initial interactions with Appellant at the window of her vehicle, Officer Honecker detected the odor of burnt marihuana coming from inside the vehicle. He had Appellant get out of her vehicle, and then he searched it. Appellant's children remained in the vehicle.

In Appellant's purse, which was in the front passenger area, Officer Honecker discovered a pipe that contained burned marihuana residue, and he also found a bag filled with small, clear plastic bags. Because Appellant's children were still in the vehicle, Officer Honecker removed Appellant's purse from the vehicle and continued his search of the purse and its contents. Officer Honecker testified that he noticed a crystalline residue consistent with methamphetamine inside the small plastic bags. He also found similar plastic bags inside Appellant's wallet.

Appellant acknowledged ownership of the purse and its contents. When Officer Honecker asked her about the plastic bags obtained from her purse, Appellant conceded that the residue was methamphetamine residue. At the police department, Officer Honecker field-tested one of the bags found in Appellant's wallet; the field-test results were positive for methamphetamine. Subsequent lab tests confirmed those results.

Appellant contends that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt. Specifically, Appellant asserts that no rational jury could have concluded that Appellant engaged in conduct that placed her children in imminent danger of death, bodily injury, or physical or mental impairment. We disagree.

2

To determine whether the evidence is sufficient to support a conviction, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Polk v. State*, 337 S.W.3d 286, 287 (Tex. App.—Eastland 2010, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). We measure the sufficiency of the evidence by "the elements of the offense as defined by the hypothetically correct jury charge" for the case. *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

A person commits the offense of child endangerment if she "engages in conduct that places a child younger than 15 years in imminent danger of death, bodily injury, or physical or mental impairment." PENAL § 22.041(c). It is presumed that a person engaged in such conduct if "the person manufactured, possessed, or in any way introduced into the body of any person the controlled substance methamphetamine in the presence of the child." *Id.* § 22.041(c-1)(1).

To convict Appellant of endangering a child as charged in this case, the State had to prove beyond a reasonable doubt that Appellant possessed methamphetamine in the presence of a child younger than fifteen years. *Id.* The evidence at trial established that Appellant and her two children were in the vehicle when Officer Honecker initiated the traffic stop. Both children were under the age of fifteen at the time. Officer Honecker found plastic bags in Appellant's purse, and Appellant admitted that the residue in those bags contained methamphetamine. Later, field and lab tests confirmed that the residue in the bags was positive for methamphetamine. Because Appellant was in possession of methamphetamine in the presence of a child younger than the age of fifteen, it is presumed that she engaged in conduct that placed the child in imminent danger of death, bodily injury, or physical or mental impairment. PENAL § 22.041(c-1)(1).

We hold that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Therefore, the evidence is sufficient to support Appellant's conviction. We overrule Appellant's issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


January 16, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.