# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00701-CR

**Seth Griffith, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 427TH DISTRICT COURT OF TRAVIS COUNTY
## NO. D-1-DC-17-207070, THE HONORABLE TAMARA NEEDLES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Seth Griffith of the offense of family-violence assault by strangulation, *see* Tex. Penal Code § 22.01(a)(1), (b-3), and assessed his punishment at four years in the Texas Department of Criminal Justice. Griffith challenges the sufficiency of the evidence supporting his conviction. We will affirm.

## BACKGROUND

The jury heard evidence that Griffith and Tammie Delgado were in a dating relationship and lived together in a van in Austin. In October 2017, Delgado called police to report that Griffith had assaulted her earlier that day. Officer Matt Holloway responded to the call and interviewed Delgado. Delgado did not testify at trial, but the district court allowed Holloway to testify as to her statements. Delgado told him that she had been sleeping in the van when Griffith woke her up and demanded sex. She refused, and Griffith "became upset and

grabbed her by the throat, punched her and threw her out of the van." Delgado told Holloway that she could not breathe while Griffith had his hand around her throat.

Holloway called emergency medical services because Delgado had visible injuries: "[r]edness and fresh bruising to her throat"; "scratches, redness to her stomach and back"; and petechiae in her left eye. Petechiae, Holloway explained, are blood vessels that burst under pressure and are frequently a sign of strangulation. Tammy Mezayek, a paramedic who examined Delgado, testified that she observed similar injuries. She also confirmed Holloway's testimony regarding the significance of the petechiae. The district court admitted photographs of Delgado's injuries. Holloway further testified that Griffith returned to the scene while the examination was in progress, banged on the side of the ambulance, and demanded to know Delgado's location. Holloway exited the ambulance and engaged Griffith in conversation. Holloway did not mention Delgado's accusations, but Griffith told him, "I didn't do anything to her."

Linda Galvan, a certified forensic nurse, testified for the State as an expert on injuries caused by strangulation. Galvan testified that she examined the photographs and opined that Delgado's injuries were consistent with strangulation.

Dennis Garvey testified that he was sleeping in the van at the time of the incident. Garvey told the jury that he woke up to see a "fight between" Griffith and Delgado, but he did not see Griffith's hand around her neck. However, he admitted to having earlier given a statement to police that Griffith "beat the hell out of [Delgado]" and put his hand around her neck.

## DISCUSSION

Due process requires the State to prove every element of the offense charged beyond a reasonable doubt. *Lang v. State*, 561 S.W.3d 174, 179 (Tex. Crim. App. 2018) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). In evaluating the sufficiency of the evidence to support a conviction, we consider all the evidence in the light most favorable to the verdict to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* Applying this standard requires us to presume that the jury "resolved any conflicting inferences from the evidence in favor of the verdict" and to defer to that resolution because "jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony." *Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018). Our role on appeal is limited to ensuring that "the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016) (quoting *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)).

We measure the sufficiency of the evidence against "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* The hypothetically correct charge for this case required the State to prove that Griffith impeded Delgado's normal breathing or circulation of the blood by applying pressure to her throat or neck or by blocking her nose or mouth. *See* Tex. Penal Code § 22.01(a)(1), (b-3).

3

Griffith's principal argument is essentially that the jury could not rationally credit Delgado's statements because Garvey is more credible. However, we must presume the jury reached the opposite conclusion and defer to that determination. *See Febus*, 542 S.W.3d at 572 (explaining that "jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony"). In addition to Delgado's statements to Holloway, the jury heard evidence from Holloway, Mezayek, and Galvan that Delgado's injuries, especially the petechiae, were consistent with strangulation, and the jury reviewed photographs taken during Delgado's examination by paramedics. Griffith asserts that those images are inconsistent with strangulation because they depict only "small, subtle markings" on her neck. He also notes that Delgado denied losing consciousness or suffering any of the other common symptoms of strangulation, such as numbness, vision or hearing loss, or tingling in her extremities. But the State was required to prove that Griffith impeded Delgado's normal breathing or circulation of the blood by applying pressure to her throat or neck—proof of bodily injury per se—not that she suffered loss of consciousness or any other specific symptom. *See Marshall v. State*, 479 S.W.3d 840, 845 (Tex. Crim. App. 2016) (explaining that jury "only needed to determine whether the evidence supported a finding that [appellant] impeded [victim's] breathing, thereby finding bodily injury per se"). Viewing all the evidence in the light most favorable to the verdict, we conclude it rationally supports the jury's verdict. We overrule Griffith's sole issue.

## CONCLUSION

We affirm the district court's judgment of conviction.

4

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:   April 22, 2020

Do Not Publish